Citation Nr: 1237375 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 04-11 831A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in North Little Rock, Arkansas


THE ISSUE

Entitlement to service connection for an acquired psychiatric disability, to include posttraumatic stress disorder (PTSD). 


REPRESENTATION

Veteran represented by: Michael Smith, Esq.


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Matthew Blackwelder, Counsel
INTRODUCTION

The Veteran served on active duty from January 1988 to June 1988, and from March 1989 to September 1992. She also had service in the reserves from 1993 to 1997.

This appeal comes to the Board of Veterans' Appeals (Board) from an August 2003 rating decision. The Veteran testified at a Travel Board hearing before the undersigned in June 2004 and again in August 2012 with regard to the issue of service connection for PTSD. The Veteran has also testified at two separate Board hearings on issues unrelated to the issue of entitlement to service connection for PTSD.

The Board must note that in reviewing this case the Board has not only reviewed the Veteran's physical claims file, but also her file on the "Virtual VA" system to insure a total review of the evidence. 

In June 2009, the Board denied service connection for PTSD, and the Veteran appealed the denial to the Court of Appeals for Veterans Claims (Court), which vacated the Board decision and remanded the claim for development pursuant to a May 2010 joint motion for remand (JMR).

The Board complied with the JMR, remanding the claim for additional development in February 2011. This development was accomplished and the claim is once again before the Board.

It is noted that, there are indications that the Veteran experiences psychiatric problems other than PTSD. The Board previously limited the issue before the Board to PTSD, as the Veteran had not appealed an April 2005 rating decision which had denied service connection for depression. See Clemons v. Shinseki, 23 Vet. App. 1 (2009) (per curiam order) (discussing the scope of a claim when multiple psychiatric diagnoses are present). However, at her Board hearing in August 2012, the Veteran specifically testified that she wished for the issue to be characterized as entitlement to service connection for an acquired psychiatric disability, to include PTSD. 


FINDING OF FACT

The Veteran has been diagnosed by a VA psychiatrist with PTSD based on her fear of hostile military or terrorist activity, which is consistent with the places, types, and circumstances of her service. 


CONCLUSION OF LAW

The criteria for service connection for an acquired psychiatric disability, to include PTSD, have been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2002); 38 C.F.R. §§ 3.303, 3.304(f) (2011).


REASONS AND BASES FOR FINDING AND CONCLUSION

In seeking VA disability compensation, a Veteran generally seeks to establish that a current disability results from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1110, 1131. "Service connection" basically means that the facts, shown by evidence, establish that a particular injury or disease resulting in disability was incurred coincident with service in the Armed Forces, or if preexisting such service, was aggravated therein. 38 C.F.R. § 3.303.
 
Establishment of service connection for PTSD requires: (1) medical evidence diagnosing PTSD; (2) credible supporting evidence that the claimed in-service stressor actually occurred; and (3) medical evidence of a link between current symptomatology and the claimed in-service stressor. 38 C.F.R. § 3.304(f). See also Cohen v. Brown, 10 Vet. App. 128 (1997). 

With respect to a claim of entitlement to service connection for PTSD based on an alleged personal assault, 38 C.F.R. § 3.304(f)(3) provides that if a PTSD claim is based on in-service personal assault, evidence from sources other than the veteran's service records may corroborate the veteran's account of the stressor incident. Examples of such evidence include, but are not limited to: records from law enforcement authorities, rape crisis centers, mental health counseling centers, hospitals, or physicians; pregnancy tests or tests for sexually transmitted diseases; and statements from family members, roommates, fellow service members, or clergy. Evidence of behavior changes following the claimed assault is one type of relevant evidence that may be found in these sources. Examples of behavior changes that may constitute credible evidence of the stressor include, but are not limited to: a request for a transfer to another military duty assignment; deterioration in work performance; substance abuse; episodes of depression, panic attacks, or anxiety without an identifiable cause; or unexplained economic or social behavior changes. 

During the course of the Veteran's appeal, the provisions relating to the establishment of service connection for PTSD, found at 38 C.F.R. § 3.304(f), were amended effective July 13, 2010. See 75 Fed. Reg. 39,843-39,852 (Jul. 13, 2010) and 75 Fed. Reg. 41,092 (Jul. 15, 2010) (effectuating a correction to the July 13, 2010 Federal Register). These amendments apply to the Veteran's claim since it was appealed prior to July 13, 2010, but had not yet been decided at that juncture.

Specifically, 38 C.F.R. § 3.304(f) was amended to read that if a stressor claimed by a veteran is related to the veteran's fear of hostile military or terrorist activity and a VA psychiatrist or psychologist, or a psychiatrist or psychologist with whom VA has contracted, confirms that the claimed stressor is adequate to support a diagnosis of PTSD and that the veteran's symptoms are related to the claimed stressor, in the absence of clear and convincing evidence to the contrary, and provided the claimed stressor is consistent with the places, types, and circumstances of the veteran's service, the veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor. 

The Veteran alleges that she has PTSD either as a result of being sexually assaulted while on active duty or as a result of SCUD missile attacks.

The evidence of record shows that the Veteran has been diagnosed with PTSD on a number of occasions; including at VA examinations in June 2008 and January 2009 and in numerous private and VA treatment records. 

Therefore, as indicated by the Veteran's representative at her Board hearing in August 2012, the remaining issues are simply whether a stressor can be corroborated and whether a corroborated stressor is productive of the Veteran's currently diagnosed PTSD. 

In an August 2010 letter, a private psychologist stated that the Veteran met the criteria for PTSD. He asserted that it was his belief that the Veteran was sexually assaulted while on active duty and that it was at least as likely as not that this contributed significantly to her PTSD.

In February 2011, a VA psychiatrist wrote that the Veteran's PTSD was at least as likely as not (50 percent or greater) caused by her fear of hostile military activity (namely the incoming SCUD attack she experienced during service). The psychiatrist had been treating the Veteran since 2002 and was intimately familiar with her symptoms and contentions. This familiarity adds weight to his opinion, as it is clear that the psychiatrist had the most comprehensive understanding of the Veteran's situation of any medical professional of record in the claims file based on his prolonged treatment of her.

Breaking down the opinion establishes a diagnosis of PTSD by a VA psychiatrist. The diagnosis was based on the Veteran's fear of hostile military activity; namely, her report of perceiving fear on account of scud attacks while she was stationed in the Persian Gulf region. The Board has previously acknowledged that the Veteran was stationed with a unit that was in the vicinity of SCUD missile attacks. As such, experiencing a SCUD attack would be consistent with the places, types, and circumstances of the Veteran's service. Given these facts, the opinion is sufficient to satisfy all of the criteria of the revised PTSD regulations. 

The Board acknowledges that there are a number of additional medical opinions of record which reach somewhat different, and at times contradictory, conclusions from the opinions referenced above, although the medical consensus does appear to be that the Veteran meets the criteria for PTSD. However, having weighed the totality of the evidence, the Board concludes that the weight of the competent and probative evidence supporting the Veteran's contentions is at least in relative equipoise with the evidence which refutes the contentions, and VA regulations direct that in such an instance reasonable doubt be resolved in the Veteran's favor. 

Given the resolution of this claim on behalf of the Veteran, and the voluminous nature of her claims file, the Board has only identified the evidence which directly supports the grant of service connection, and will not endeavor to discuss the extensive evidence that is of record. Further discussion is simply not warranted in light of the findings of the JMR and the evidence that support this claim. 

As discussed, the criteria for service connection for PTSD have been met, and the Veteran's claim is therefore granted.

In light of this result, a detailed discussion of VA's various duties to notify and assist is unnecessary (because any potential failure of VA in fulfilling these duties is harmless error).

ORDER

Service connection for an acquired psychiatric disability, to include PTSD is granted.


____________________________________________
JOHN J. CROWLEY 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs